IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VONDEAN RENEE KAREL,           ) | |
| ) | Case No. CV-08-241-S-BLW |
| Plaintiff,           ) | |
| ) | **MEMORANDUM DECISION** |
| v.           ) | **AND ORDER** |
| ) | |
| GAVIN M. GEE, DIRECTOR,           ) | |
| STATE OF IDAHO, DEPT. OF           ) | |
| FINANCE, COLEEN HODSON,           ) | |
| PATRICIA HIGHLEY, and           ) | |
| MARILYN CHASTAIN,           ) | |
| ) | |
| Defendants.           ) | |
| _____ ) | |

## INTRODUCTION

The Court has before it Defendants' Motion to Dismiss (Docket No. 5). The Court heard oral argument on the motion on October 27, 2008, and now issues the following decision.

## BACKGROUND

Since 1998, Plaintiff Vondean Karel has been a licensed securities agent in the State of Idaho. On June 7, 2005, Idaho Department of Finance ("Department") investigators suspected illegal securities action at Karel's office. The investigators requested that Karel provide them with a number of documents related to her

**Memorandum Decision and Order - Page 1**

business.  Karel refused to turn over the documents because she believed that the

Department did not have authority to request and inspect such information.  In

response, the Department suspended Karel's securities license for six months.

On June 27, 2007, after several hearings and appeals in various

administrative and legal forums, the Idaho Supreme Court ultimately determined

that the Department did not have authority to request and inspect the documents.

Plaintiff subsequently filed this action on June 4, 2008.

## ANALYSIS

### I.      Motion to Dismiss Standard of Review

As the Ninth Circuit recently stated, "[t]o avoid a Rule 12(b)(6) dismissal, a

complaint need not contain detailed factual allegations; rather, it must plead

'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v.*

*Daimler Chrysler Corp.*,  534 F.3d 1017, 1022 (9th Cir. 2008), *as amended*,

(quoting *Twombly*, 127 S.Ct. at 1974).  Alternatively, dismissal may be appropriate

when the plaintiff has included sufficient allegations disclosing some absolute

defense or bar to recovery.  *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783 n.1

(9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision

one way, that is as good as if depositions and other . . . evidence on summary

judgment establishes the identical facts").

**Memorandum Decision and Order - Page 2**

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he is entitled to offer evidence to support the claims. *See Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

**Memorandum Decision and Order - Page 3**

II.     **Defendants' Motion to Dismiss**

Defendants ask the Court to dismiss Karel's claims based on the applicable statute of limitations and because Defendants are entitled to qualified immunity. As explained below, the Court finds that both of these arguments support dismissal of Karel's claims.

A.     **Statute of Limitations**

Federal courts apply the forum state's statute of limitations in 42 U.S.C. § 1983 personal injury actions.  *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 926 (9th Cir. 2004) (internal citations omitted).  In Idaho, a two year statute of limitations applies to these claims, and the limitations period begins to run on the date the cause of action accrues.  *Id.* (citing *Hallstrom v. Garden City*, 991 F.2d 1473, 1476 (1993); see also Idaho Code § 5-219(4)).  Although state law determines the length of the limitations period, federal law determines when the claim accrues.  *Id.* (citing *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153-54 (9th Cir.2000)).  "[A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (internal citation and quotation omitted).

In this case, Karel concedes that her claim accrued on June 9, 2005, the date she received notice of the suspension of her securities license.  This concession

falls in line with Ninth Circuit authority stating that a claim accrues upon awareness of the actual injury or adverse employment action, and not when the plaintiff suspects a legal wrong. *Lukovsky v. City and County of San Francisco*, *535 F.3d 1044, 1050-51 (9th Cir. 2008)*. Thus, under normal circumstances, the statute of limitations for Karel's claims would have run on June 9, 2007, barring Karel's June 8, 2008 Complaint. Karel contends, however, that the statute of limitations should be equitably tolled in this case.

Along with applying the forum state's statute of limitations in 42 U.S.C. § 1983 actions for personal injury, courts also "apply . . . the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007); *see also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir.2004); *Gibson v. Ada County*, 133 P.3d 1211, 1214 (Idaho 2006) (Explaining that state law determines the length of the applicable statute of limitations and whether any tolling provisions apply in § 1983 claims). Tolling provisions for *Bivens* claims are also borrowed from the forum state. *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir.2002).

**Memorandum Decision and Order - Page 5**

A thorough search of Idaho case law reveals no standard for applying equitable tolling in Idaho outside the context of motions seeking post-conviction relief in criminal matters.[1]  However, the Idaho Supreme Court has consistently stated that, in Idaho, statutes of limitation are tolled by express statutory language, not by judicial construction.  *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007) (citing *Independent School Dist. of Boise City v. Callister*, 539 P.2d 987, 991 (Idaho 1975); *see also McCuskey v. Canyon County Com'rs*, 912 P.2d 100, 105 (Idaho 1996).  In *Wilhelm*, the plaintiff asked the court to toll the statute of limitations from the time he filed a complaint against his attorney with the Idaho State Bar until after the Bar arbitration panel issued its decision.  The lower court tolled the statute of limitations, but the Idaho Supreme Court reversed, holding that there was no injunction or statute that stayed plaintiff's action or that barred him from commencing his action until the arbitration was completed.  *Id.*  The court stated that the plaintiff should have filed the lawsuit within the statute of limitations and asked the court to stay the case pending completion of the arbitration proceedings.  *Id.*

---

[1] On at least one occasion in the civil context, the Idaho Supreme Court has refused to apply equity to toll the statute of limitations because a party failed to file a certificate of assumed business name.  However, the court gave no indication of the standard or test used in reaching its conclusion.  *Wait v. Leavell Cattle, Inc.*, 41 P.3d 220, 225 (Idaho 2001).

**Memorandum Decision and Order - Page 6**

In this case, the Court was likewise unable to locate, and Karel did not provide the Court with, any statutory language which allows tolling of the statute of limitations for Karel's claims.  Thus, as was the case in *Wilhelm,* equitable tolling under Idaho law is not available in this case.[2]  Accordingly, the Court concludes that Karel is not entitled to equitable tolling in this case, and Karel's claims are barred by the statute of limitations.

### B.      Qualified Immunity

"Qualified immunity serves to shield government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962,

---

[2] As required by *Canatella*, the Court considered whether Idaho's equitable tolling law is somehow inconsistent with federal law, and determined that it is not.  *Canatella*, 486 F.3d at 1132.  Federal law states that "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."  *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).  Under federal law, equitable tolling focuses on whether there was excusable delay by the plaintiff.  *Id.*  If, within the limitations period, a reasonable plaintiff would not have known of the existence of a possible claim, equitable tolling may "serve to extend the statute of limitations for filing suit until the plaintiff can gather what information she needs."  *Id.*  Karel was not unable to obtain vital information and was not without knowledge of the existence of a possible claim when her claim accrued – when she received notice of the suspension of her securities license.  She obviously knew about the Department's conduct at that point.  Similar to the plaintiff in *Wilhelm*, Karel was aware of her actual injury within the limitations period, and as suggested by the Idaho Supreme Court in *Wilhelm*, Karel should have filed her Complaint within the limitations period and asked the court to stay this case pending a decision from the Idaho Supreme Court.  *Wilhelm*, 158 P.3d 312.  Thus, under either Idaho or Federal tolling law, the result is the same.  Therefore, the Court finds that Idaho law is not inconsistent with federal law with respect to equitable tolling in this case.

971 (9th Cir. 2005) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Typically, the Court applies the following two-pronged test to resolve all qualified immunity claims: (1) taken in the light most favorable to the party asserting the injury, do the facts alleged show that the defendant's conduct violated a constitutional right; and (2) if so, was that right clearly established. *Id.* However, Karel concedes, and this Court agrees, that given the Idaho Supreme Court's indication that the issue presented in Karel's underlying state case was one of first impression, there is no doubt that the constitutional right enunciated in the Idaho Supreme Court's decision was not clearly established at the time of the Defendants' actions.

Karel argues that Defendants are not entitled to qualified immunity because their acts were not discretionary.  "Qualified immunity shields only actions taken pursuant to discretionary functions," and does not protect "non-discretionary, or ministerial, duties." *F.E. Trotter, Inc. v. Watkins*, 869 F.2d 1312, 1314 (9th Cir. 1989).  Generally, ministerial, non-discretionary functions are those that lend themselves readily to formulaic determination, while discretionary functions are those that require particularized judgments. *Id.*

Here, the Court concludes that Defendants were carrying out discretionary functions when they investigated Karel in June 2005.  No part of the disputed code, Idaho Code § 30-14-411(c) and (d), specifies the precise action that Defendants

**Memorandum Decision and Order - Page 8**

must take in such investigations.  Karel suggests that Defendants' actions were non-discretionary because the Idaho Supreme Court, in its opinion on Karel's underlying claim, stated that Idaho Code § 30-13-411(d) informs the dealers and agents that inspections to which they are subject do not constitute discretionary acts by a government official, but are conducted pursuant to the statute.

However, in context, the Idaho Supreme Court was simply stating that the investigative search was only reasonable pursuant to Idaho Code § 30-14-411(d) if it is limited to the documents that the law requires broker/dealers to make or maintain pursuant to I.C. § 30-14-411(c).  *In re Karel*, 162 P.3d 758, 762 (Idaho 2007).  The Idaho Supreme Court was not suggesting that Defendants are without discretion in actually carrying out their inspections.  In reality, the Defendants have discretion as to when and whether to conduct an audit or inspection, and which documents among those listed in Idaho Code § 30-14-411(c) to inspect, which is the heart of the matter in this case.  Thus, Defendant's investigatory function, as codified in Idaho Code § 30-14-411, does not lend itself to formulaic determination.  It requires judgment calls making it a discretionary function. Accordingly, Defendants are entitled to qualified immunity.

**Memorandum Decision and Order - Page 9**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Docket No. 5) shall be, and the same is hereby, GRANTED.

The Court will enter a separate Judgment as required by Federal Rule of Civil Procedure 58.



DATED:  **November 12, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - Page 10**